UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
ORAL FIELDS

                                    Plaintiff,

        -against-                                           **COMPLAINT**
                                                            (Jury Trial Demanded)

CITY OF NEW YORK, THE NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER JAMES MORAN
(Shield No. 25976) of the CENTRAL PARK PRECINCT,
SERGEANT JOHN DOE (whose name and shield no. is
unknown at this time) of the CENTRAL PARK PRECINCT,
POLICE OFFICERS JOHN DOES and/or JANE ROES
Nos. 1-10, (whose names, shield nos. and precincts are
unknown at this time),
                                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        Plaintiff ORAL FIELDS by his attorney Rochelle S. Berliner for his complaint, alleges as

follows:

                              **INTRODUCTION**

        1.      Plaintiff Oral Fields brings this action, pursuant to 42 U.S.C. § 1983, to redress

the deprivation of his federal constitutional rights.  More specifically, on December 22, 2012, at

a time approximately between 11:00 a.m. and 1:00 p.m., defendants, each of whom was a

member of the New York City Police Department ("'NYPD"), falsely arrested Mr. Fields using

excessive force.

        2.      Subsequent to his arrest, Defendant Police Officer Moran ("Defendant Moran")

subjected Mr. Fields to a baseless prosecution.

        3.      Having obtained a favorable termination of his criminal prosecution, Mr. Fields

brings suit to redress these aspects of the violation of his federal and state constitutional rights.

                                      -1-

## JURISDICTION AND VENUE

4.      Pursuant to 28 U.S.C. §§ 1331 and 1343, jurisdiction is proper as Mr. Fields' claims arise under federal law.  Pursuant to 28 U.S.C. § 1367, jurisdiction is proper as to the claims of Mr. Fields arise under the common law of the State of New York.

5.      Pursuant to 28 U.S.C. § 1391(b), venue is proper as a substantial part of the events or omissions giving rise to Mr. Fields' claims occurred in Manhattan.

## PARTIES

6.      Mr. Fields is a citizen of the United States.  He resides in the State of New York, Kings County.

7.      Defendant Moran was, at all times relevant herein, a member of the NYPD. Upon information and belief, at all times relevant herein, he was assigned to the Central Park Precinct.

8.      Upon information and belief, Defendant Moran is still a member of the NYPD. At all times relevant herein, he was acting within the scope of his employment and under color of law.

9.      Defendant Sergeant John Doe ("Defendant Sergeant") was, at all times relevant herein, a member of the NYPD.  Upon information and belief, at all times relevant herein, he was assigned to the Central Park Precinct.

10.     Upon information and belief, Defendant Sergeant is still a member of the NYPD. At all times relevant herein, he was acting within the scope of his employment and under color of law.

11.     Defendant Police Officers John Does and/or Jane Roes Nos. 1-10 ("Defendants Does and/or Roes Nos. 1-10") were, at all times relevant herein, members of the NYPD.  Upon

further information and belief, at all times relevant herein, they were assigned to the Central Park Precinct or other precincts.

12.      Upon information and belief, Defendants Does and/or Roes Nos. 1-10 are still members of the NYPD.  At all times relevant herein, they were acting within the scope of their employment and under color of law.

13.      Defendant City of New York ("Defendant City") is a municipal corporation organized pursuant to the laws of the State of New York.  It has all the powers vested in it by the laws of the State of New York, the City of New York and the Charter of the City of New York. At all times relevant herein, it was the employer of the individually named defendants.

## ADMINISTRATIVE PREREQUISITES

14.      On March 21, 2013, Mr. Fields filed a timely Notice of Claim with Defendant City in the Office of the City Comptroller, in accordance with the General Municipal Law, concerning his arrest and subsequent prosecution.

15.      At least thirty days have elapsed since Mr. Fields filed this Notice of Claim and adjustment or payment thereof has been neglected or refused.  This action is commenced within one year and 90 days from the date of the occurrences alleged herein, as required under Section 50-i of the General Municipal Law.

16.      A 50-h hearing was held on June 19, 2013.

## FACTS UNDERLYING THE COMPLAINT

17.      At a time approximately between 11:00 a.m. and 1:00 p.m. on December 22, 2012, in front of the Metropolitan Museum of Art near Fifth Avenue and 82nd Street in Manhattan, Mr. Fields, a disabled military veteran, was working in a mobile food cart with "Fred," another military veteran.

18.     Mr. Fields had been working in this mobile food cart for approximately six months prior to the instant incident.

19.     Approximately one month after Mr. Fields began working in the mobile food cart, he appeared as a witness in front of the Environmental Control Board ("ECB") for a food vendor who had received a summons for not having a disabled veteran working in the cart even though Mr. Fields, a disabled veteran, was indeed working in the cart.

20.     Because the ECB had commented that there was no evidence to corroborate that Mr. Fields was in fact there, Mr. Fields began video recording Defendant Moran and/or Defendants Does and/or Roes Nos. 1-10 to document them engaging in "selective policing."

21.     Some of the events include occurrences such as the baseless issuing of summonses to cooks who have disabled veterans working inside the cart, the issuing of summonses to those "of a different nationality other than white," and the ignoring of violations of a competing vendor who is believed to be a friend of Defendant Moran.

22.     On several such occasions, after observing Mr. Fields videotaping him, Defendant Moran confronted Mr. Fields and told Mr. Fields to "mind [his] business."

23.     Mr. Fields also learned that Defendant Moran was informing vendors that Mr. Fields was a drug addict and a drug dealer, discouraging them from hiring Mr. Fields to work in their carts.

24.     In the instant case, Mr. Fields saw Defendant Moran and Defendant Doe No.1, described as a "Spanish man," and other Defendants Does and/or Roes Nos. 2-10 talking in the area near his food cart.

25.     While Mr. Fields was walking from his van to the mobile food cart, Mr. Fields took out his cell phone and began video recording Defendant Moran and Defendant Doe No. 1 and other Defendants Does and/or Roes Nos. 2-10.

26.     Defendant Doe No. 1 told Mr. Fields, in sum and substance, to "get the camera out of [his] face."

27.     Mr. Fields moved away and replied, "How far, sir? Is this far enough?"

28.     Defendant Moran then walked towards the street as a police car, with sirens and turret lights on, approached the scene and stopped behind the food cart.

29.     Defendant Sergeant got out of the police vehicle, and began talking with Defendant Moran and Defendants Does and/or Roes Nos. 1-10.

30.     Mr. Fields, continuing to record the whole incident, walked over to, and then went inside, the mobile food cart.

31.     Noticing that Mr. Fields was still recording, Defendant Sergeant then demanded Mr. Fields put the camera away and step out of the food cart, informing Mr. Fields that there was a warrant and he was being arrested.

32.     Mr. Fields asked what the warrant was for.

33.     Defendant Sergeant, Defendant Moran, and Defendants Does and/or Roes Nos. 1-10 refused to inform Mr. Fields as to the nature of the warrant.

34.     Despite not knowing why he was being arrested, Mr. Fields complied without incident to Defendant Sergeant's demands, shut off the camera on his phone, and stepped out of the food cart.

35.     When Mr. Fields stepped out of the food cart, Defendant Moran slammed Mr. Fields' head into the cart and handcuffed him very tightly, cutting off circulation to his wrists.

36.     Not once before or during this incident did any police officer, including Defendant Sergeant, Defendant Moran, and Defendants Does and/or Roes Nos. 1-10 ask Mr. Fields who he was or for his identification.

37.     Defendant Sergeant then drove Mr. Fields to the Central Park Precinct where he was processed and searched, and his belongings vouchered.

38.     At the precinct, after about two hours, Mr. Fields told an officer that he was not doing well and asked for water.

39.     Mr. Fields was denied water.

40.     Feeling dizzy, Mr. Fields then fell to the floor and blacked out.

41.     An ambulance arrived and after being hooked up to machines and examined, Mr. Fields was told his blood pressure was very high.

42.     The paramedics wanted Mr. Fields to go to the hospital, but Mr. Fields refused because Defendant Doe No. 1 discouraged Mr. Fields from going by telling him that, if he went to the hospital, he would have to wait longer to go home.

43.     Prior to this incident, Mr. Fields did not have a history of high blood pressure.

44.     Also at the precinct, Mr. Fields repeatedly asked Defendant Doe No. 1 and other Defendants Does and/or Roes what kind of warrant they had and what was happening.

45.     Defendant Doe No. 1 and other Defendants Does and/or Roes responded that Mr. Fields will find out in court.

46.     Mr. Fields was then transported to another precinct uptown.

47.     He stayed at that precinct for approximately another two to three hours before being transported to Manhattan Central Booking.

48.     Mr. Fields eventually arrived at Central Booking and was arraigned the following day, approximately late morning to early afternoon.

49.     During the arraignment, the judge informed Mr. Fields that the warrant was from a summons issued in 2002 for selling telephones.

50.     The judge granted an Adjournment in Contemplation of Dismissal for the 2002 summons.

51.     With respect to the 2002 summons, Mr. Fields had previously reported to police that his vendor's license was lost and therefore he was <u>not</u> the person who received actual notice of the 2002 summons.

52.     On a different occasion, a notice was received at Mr. Fields' address to appear in ECB court with respect to the 2002 summons.

53.     When Mr. Fields appeared in ECB court, the officer who issued the summons acknowledged that Mr. Fields was not the person to whom the summons was issued and the case was dismissed; someone else had been using his license.

54.     Mr. Fields also learned at his arraignment that he was being charged with Obstructing Governmental Administration in the Second Degree (N.Y.P.L § 195.05) and Resisting Arrest (N.Y.P.L. 205.30).

55.     After appearing in court three times, these charges were dismissed on motion of the District Attorney pursuant to C.P.L. § 160.50 on March 21, 2013.

56.     As a result of this incident, Mr. Fields was incarcerated for approximately 24 hours and appeared in court approximately three times.  He not only suffered the aforementioned wrist pain, humiliation and high blood pressure, but also continues to suffer from stress and anxiety, and is fearful of and mistrusts the police.

## AS AND FOR A FIRST CAUSE OF ACTION
## (Deprivation of Rights under 42 U.S.C. § 1983)

57.     Plaintiff ORAL FIELDS repeats and re-alleges the allegations contained in paragraphs 1 through 56 as if fully set forth herein.

58.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

59.     All of the aforementioned acts deprived Plaintiff Oral Fields the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

60.     The acts complained of were carried out by the aforementioned defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

61.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

62.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
## (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

63.     Plaintiff ORAL FIELDS repeats and re-alleges the allegations contained in paragraphs 1 through 62, as if fully set forth herein.

64.     The defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

65.     As a result of the foregoing, Plaintiff Oral Fields was deprived of his liberty and right to substantive due process, causing severe emotional and psychological harm.

**AS AND FOR A THIRD CAUSE OF ACTION**
**<u>(First Amendment Retaliation under 42 U.S.C. § 1983)</u>**

66.     Plaintiff ORAL FIELDS repeats and re-alleges the allegations contained in paragraphs 1 through 65, as if fully set forth herein.

67.     At all times relevant herein, Mr. Fields was standing on the sidewalk or inside his food cart and not interfering with Defendant Moran, Defendant Sergeant and/or Defendants Does and/or Roes 1-10, nor was he or obstructing the defendants from issuing a summons to another food vendor. His videotaping of the individual defendants and his speech were obviously protected by the First Amendment, and no reasonably competent police officer would believe otherwise.

68.     Indeed, the Supreme Court has recognized that "[t]he First Amendment protects a significant amount of verbal criticism and challenge ***directed at*** police officers." *City of Houston v. Hill*, 482 U.S. 451, 461 (1997) (emphasis added).

69.     On December 22, 2012, Mr. Fields was engaging in a constitutionally protected activity, to wit, video recording Defendant Moran, Defendant Sergeant, and/or Defendants Does and/or Roes Nos. 1-10.  While Mr. Fields was inside of a food cart, Defendant Sergeant noticed that Mr. Fields was video recording him and the other individual defendants.  Apparently, because Defendant Moran, Defendant Sergeant and/or Defendants Does and/or Roes 1-10 found

-9-

Mr. Fields' assertion of his right to observe the police to be offensive, the officers retaliated against him by demanding that Mr. Fields shut off the camera and step out of a food cart because he was being arrested.

70.     In retaliation, when Mr. Fields stepped out of the food cart, Defendant Moran slammed Mr. Fields' head against the cart and then handcuffed him too tightly, cutting off circulation in his hands.  Defendant Moran then arrested Mr. Fields and caused him to be prosecuted on trumped up charges which were based on Defendant Moran's knowingly false statements.

71.     In so doing, Defendant Moran, Defendant Sergeant, and/or Defendants Does and/or Roes Nos. 1-10, under color of state law, deprived Mr. Fields of his rights, privileges and immunities secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, including but not limited to deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of his person, including but not limited to false arrest and false imprisonment; (b) freedom from interference with activity protected by the First Amendment; (c) freedom from retaliatory arrest; (d) freedom from retaliatory prosecution; and (e) freedom from abuse of process.

72.     On this occasion as well as on prior occasions, Mr. Fields video recorded Defendant Moran and other police officers on an implied suggestion of the ECB to use as evidence that Defendant Moran was issuing summonses falsely and selectively to food vendors.

73.     Mr. Fields had also been outspoken about this unfair police conduct.

74.     Mr. Fields never interfered with police activity and always video recorded from a distance, including while inside of a food cart.

75.     As a result of the individual defendants' conduct, Mr. Fields' First Amendment Right to Free Speech was violated.  As a result, Mr. Fields suffered physical and psychological injury and continues to suffer psychological injury.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (False Arrest under 42 U.S.C. § 1983)

76.     Plaintiff ORAL FIELDS repeats and re-alleges the allegations contained in paragraphs 1 through 75, as if fully set forth herein.

77.     On December 22, 2012, one or more of the individual defendants placed handcuffs on and detained Plaintiff Oral Fields.

78.     Defendants did not have probable cause to believe that Mr. Fields had committed any crime.  Put simply, Mr. Fields did not engage in any conduct that warranted his arrest and detention.

79.     Because the individual defendants did not have probable cause to believe that Mr. Fields had committed a crime, his detention was unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

80.     As a result of his detention by the individual defendants, Mr. Fields' liberty was restricted for an extended period of time.  Mr. Fields suffered psychological injury, and continues to suffer psychological injury.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Unlawful Imprisonment under 42 U.S.C. § 1983)

81.     Plaintiff ORAL FIELDS repeats and re-alleges the allegations contained in paragraphs 1 through 80, as if fully set forth herein.

82.     As a result of the individual defendants' conduct, Mr. Fields was detained at the precinct and at all times he knew he was detained.  Moreover, Mr. Fields did not consent to his confinement.

83.     As the behavior of Mr. Fields provided no justification for these defendants' conduct, the defendants' actions were unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

84.     As a result of defendants' conduct, Mr. Fields suffered loss of freedom, psychological injury, and continues to suffer psychological injury.

### AS AND FOR AN SIXTH CAUSE OF ACTION
### (Malicious Prosecution Under 42 U.S.C. § 1983)

85.     Plaintiff ORAL FIELDS repeats and realleges the allegations contained in paragraphs 1 through 84, as if fully set forth herein.

86.     On December 22, 2012, Defendant Moran and one or more of the individual defendants, without legal justification or probable cause and with malice in retaliation for Mr. Fields' video recordings, arrested Mr. Fields.

87.     In prosecuting Mr. Fields, the Court relied upon information provided by Defendant Moran.

88.     Ultimately, the charges against Mr. Fields terminated in his favor.  On March 21, 2013, by motion of the New York County District Attorney, the charges against him were dismissed pursuant to C.P.L.§ 160.50.

89.     As the behavior of Mr. Fields provided no justification for these individual defendants' conduct, the defendants' actions were unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

90.     As a result of this baseless prosecution, Mr. Fields suffered loss of freedom and was required to appear in court three times.  Mr. Fields suffered psychological injury, and continues to suffer psychological injury.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

91.     Plaintiff ORAL FIELDS repeats and re-alleges the allegations contained in paragraphs 1 through 90, as if fully set forth herein.

92.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of Mr. Fields' constitutional rights.

93.     As a result of the aforementioned conduct of defendants, Mr. Fields was subjected to excessive force and sustained physical injuries and psychological injuries.

### AS AND FOR A EIGHTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

94.     Plaintiff ORAL FIELDS repeats and re-alleges the allegations contained in paragraphs 1 through 93, as if fully set forth herein.

95.     Defendants had an affirmative duty to intervene on behalf of Plaintiff Oral Fields, whose constitutional rights were being violated in his presence by other officers.

96.     The defendants failed to intervene to prevent the unlawful conduct described herein.

97.     As a result of the foregoing, Mr. Fields suffered loss of freedom, physical and psychological injury, and continues to suffer psychological injury.

**AS AND FOR A NINTH CAUSE OF ACTION**
**(Supervisory Liability under 42 U.S.C. § 1983)**

98.     Plaintiff ORAL FIELDS repeats and re-alleges the allegations contained in paragraphs 1 through 97, as if fully set forth herein.

99.     The supervisory defendants personally caused Plaintiff Oral Fields' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

**AS AND FOR AN TENTH CAUSE OF ACTION**
**(Deprivation of Rights Under the New York State Constitution)**

100.     Plaintiff ORAL FIELDS repeats and re-alleges the allegations contained in paragraphs 1 through 99, as if fully set forth herein.

101.     By the actions described above, the individual defendants unlawfully arrested and detained Mr. Fields, and used unnecessary and excessive force not reasonably justified by any circumstances and used for no proper purpose, thereby violating Mr. Fields' rights secured by Article 1, Section 6 of the New York State Constitution.

102.     As a consequence thereof, Plaintiff Oral Fields has been injured.

**AS AND FOR A ELEVENTH CAUSE OF ACTION**
**(False Arrest Under State Law)**

103.     Plaintiff ORAL FIELDS repeats and re-alleges the allegations contained in paragraphs 1 through 102, as if fully set forth herein.

104.     On December 22, 2012, one or more of the individual defendants placed handcuffs on and detained Mr. Fields.

105.    Defendants did not have probable cause to believe that Mr. Fields had committed any crime.  Put simply, Mr. Fields did not engage in any conduct that warranted his arrest and detention and there was no legal justification for his arrest.

106.    As a result of his arrest and subsequent detention by the individual defendants, Mr. Fields' liberty was restricted for an extended period of time without probable cause.  Mr. Fields suffered psychological injury, and continues to suffer psychological injury.

107.    The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

108.    As the employer of the individual defendants, Defendant City is responsible for Mr. Fields' injuries under the doctrine of *respondeat superior*.

### AS AND FOR A TWELFTH CAUSE OF ACTION
### (Unlawful Imprisonment Under State Law)

109.    Plaintiff ORAL FIELDS repeats and re-alleges the allegations contained in paragraphs 1 through 108, as if fully set forth herein.

110.    On December 22, 2012, as a result of the individual defendants' conduct, Mr. Fields was detained in a cell both at two precincts and at Central Booking.

111.    Because these defendants did not have probable cause to believe that Mr. Fields had committed a crime, no legal justification existed for his arrest and detainment.

112.    The confinement of Mr. Fields was not otherwise privileged.

113.    Mr. Fields was conscious of said confinement and did not consent to same.

114.    As a result of the foregoing, Mr. Fields was falsely imprisoned and his liberty was restricted for an extended period of time.  Mr. Fields suffered loss of freedom, psychological injury, and continues to suffer psychological injury.

-15-

115.    The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

116.    As the employer of the individual defendants, Defendant City is responsible for Mr. Fields' injuries under the doctrine of *respondeat superior*.

### AS AND FOR AN THIRTEENTH CAUSE OF ACTION
### (Malicious Prosecution Under State Law)

117.    Plaintiff ORAL FIELDS repeats and realleges the allegations contained in paragraphs 1 through 116, as if fully set forth herein.

118.    On December 22, 2012, Defendant Moran and one or more of the individual defendants, without legal justification and with malice in retaliation for Mr. Fields' video recordings, arrested Mr. Fields.

119.    As a result of the arrest, Mr. Fields was required to appear in court.   In prosecuting Mr. Fields, the Court relied upon information provided by Defendant Moran and one or more of the individual defendants.

120.    Ultimately, the charges against Mr. Fields terminated in his favor.  On March 21, 2013, the charges against him were dismissed pursuant to C.P.L.§ 160.50.

121.    At all times relevant herein, defendants acted with malice.  They knew, or should have known, that Mr. Fields was actually innocent of the offenses with which he was charged.

122.    As such, the conduct of defendants violated Mr. Fields' rights protected by the New York State Constitution.

123.    As a result of this baseless prosecution, Mr. Fields suffered psychological injury, and continues to suffer psychological injury.

124.    The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

125.    As the employer of the individual defendants, Defendant City is responsible for Mr. Fields' injuries under the doctrine of *respondeat superior*.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Abuse of Process Under State Law)

126.    Plaintiff ORAL FIELDS repeats and realleges the allegations contained in paragraphs 1 through 125, as if fully set forth herein.

127.    On December 22, 2012, Defendant Moran and one or more of the individual defendants, without excuse or legal justification, and with malice in retaliation for Mr. Fields' video recordings, used the criminal process to arrest, assault, and prosecute Mr. Fields.

128.    The individual defendants used the criminal process in a perverted manner to obtain a collateral objective, to wit, in order to prevent Mr. Fields from speaking out against and video recording incidents of police misconduct.

129.    During these incidents, Mr. Fields never interfered with any police procedures and video-recorded police from a distance, including while inside a foot cart, and even asking on at least one occasion, "Is this far enough?"

130.    The individual defendants never asked Mr. Fields to identify himself, never asked to see Mr. Fields' identification, and never otherwise confirmed Mr. Fields' identity before or during the arrest of Mr. Fields on an old warrant from a summons in 2002, a summons which Mr. Fields never personally received because it was issued to a person who, unlawfully and without Mr. Fields' knowledge, had been using Mr. Fields' vendor's license that had previously been reported to police as lost

131.     After slamming Mr. Field's head into the cart during the arrest, Defendant Moran then falsely added the charges of Obstructing Governmental Administration and Resisting Arrest.

132.     The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

133.     As the employer of the individual defendants, Defendant City is responsible for Mr. Fields' injuries under the doctrine of *respondeat superior*.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Assault under State Law)

134.     Plaintiff ORAL FIELDS repeats and re-alleges the allegations contained in paragraphs 1 through 133, as if fully set forth herein.

135.     By reason of the foregoing, the defendants placed Mr. Fields in apprehension of imminent harmful and offensive contact, thereby committing an assault.

136.     As a consequence thereof, Plaintiff Oral Fields has been injured.

137.     The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

138.     As the employer of the individual defendants, Defendant City is responsible for the injuries Mr. Fields suffered and continues to suffer as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (Battery under State Law)

139.     Plaintiff ORAL FIELDS repeats and re-alleges the allegations contained in paragraphs 1 through 138, as if fully set forth herein.

140.    By reason of the foregoing, the individual defendants unreasonably struck Mr. Fields in a harmful and offensive manner, thereby committing a battery.

141.    As a consequence thereof, Plaintiff Oral Fields has been injured.

142.    The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

143.    As the employer of the individual defendants, Defendant City is responsible for the injuries Mr. Fields suffered and continues to suffer as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### (Negligent Hiring and Retention under State Law)

144.    Plaintiff ORAL FIELDS repeats and re-alleges the allegations contained in paragraphs 1 through 143, as if fully set forth herein.

145.    Upon information and belief, Defendant City failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the arrest of Mr. Fields.

146.    Defendant City knew, or should have known in the exercise of reasonable care, the propensities of Defendant Moran, Defendant Sergeant, and Defendant Police Officers John Does and/or Jane Roes Nos. 1-10 to engage in the wrongful conduct heretofore alleged in this Complaint.

## AS AND FOR A EIGHTEENTH CAUSE OF ACTION
### (Negligent Training and Supervision under State Law)

147.    Plaintiff ORAL FIELDS repeats and re-alleges the allegations contained in paragraphs 1 through 146, as if fully set forth herein.

148.    Defendant Police Officers owed a duty to act according to the standard of ordinary care of a police officer.

149.    Defendant Police Officers breached that duty by failing to act as ordinary police officers would.

150.    Upon information and belief Defendant City failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of Mr. Fields.

151.    As a result of the individual defendants' conduct, Plaintiff Oral Fields has been injured.

152.    The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

153.    As the employer of the individual defendants, Defendant City is responsible for the injuries Mr. Fields suffered, and continues to suffer, as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

### AS AND FOR A NINETEENTH CAUSE OF ACTION
<u>(Intentional Infliction of Emotional Distress under State Law)</u>

154.    Plaintiff ORAL FIELDS repeats and re-alleges the allegations contained in paragraphs 1 through 153, as if fully set forth herein.

155.    One or more of the defendants intentionally and deliberately inflicted emotional distress on Mr. Fields by falsely arresting or unlawfully imprisoning, or using unnecessary excessive force, or by violating his constitutional rights or knew or should have known that emotional distress was the likely result of their conduct.

156.    Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

157.    As a result of Defendants' intentional, extreme and outrageous conduct, Mr. Fields was, is, and, with a high degree of likelihood, will continue to be emotionally distressed.

158.    The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

159.    As the employer of the individual defendants, Defendant City is responsible for the injuries Mr. Fields suffered, and continues to suffer, as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress under State Law)

160.    Plaintiff ORAL FIELDS repeats and re-alleges the allegations contained in paragraphs 1 through 159, as if fully set forth herein.

161.    One or more of the defendants negligently inflicted emotional distress on Mr. Fields.

162.    Defendants had a continuing affirmative duty to perform their duties as police officers in such a manner as not to inflict emotional distress on Mr. Fields.

163.    Mr. Fields never interfered with the police officers obligations under the above-described duties.

164.    As a result of Defendants' negligent conduct, Mr. Fields was, is, and, with a high degree of likelihood, will continue to be emotionally distressed.

165.    The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

166.    As the employer of the individual defendants, Defendant City is responsible for the injuries Mr. Fields suffered, and continues to suffer, as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

## DEMAND FOR A JURY TRIAL

167.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, ORAL FIELDS prays for the following relief:

(a)    compensatory damages in an amount to be determined at trial, but no less than $250,000;

(b)    punitive damages in an amount to be determined at trial;

(c)    reasonable attorneys' fees;

(d)    costs and expenses; and

(e)    such other and further relief as is just and proper.

Dated: Queens, New York
       March 17, 2014

ROCHELLE S. BERLINER, ESQ.
Attorney for Plaintiff
118-21 Queens Boulevard, Suite 504
Forest Hills, New York 11375
(718)  261-5600

By:    _____

Rochelle S. Berliner (RB 7463)